UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 02-4019

DANIEL BOWYER,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, Chief District Judge.
(CR-01-171)

Argued: December 6, 2002

Decided: February 19, 2003

Before NIEMEYER and WILLIAMS, Circuit Judges, and
Henry M. HERLONG, Jr., United States District Judge for the
District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Sanford Benjamin Bryant, ALLEN, GUTHRIE &
MCHUGH, Charleston, West Virginia, for Appellant. Steven Ian
Loew, Assistant United States Attorney, Charleston, West Virginia,
for Appellee. **ON BRIEF:** Kasey Warner, United States Attorney,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Daniel Bowyer appeals his 30-month sentence, imposed on Count
III of the indictment in this case, charging him with possession of a
firearm by one who is an unlawful user of or addicted to a controlled
substance, in violation of 18 U.S.C. § 922(g)(3) and 18 U.S.C.
§ 924(a)(2). He contends that a four-level enhancement for possessing
15 other firearms, imposed under U.S.S.G. § 2K2.1(b)(1)(B) (2001),
should not have been given because Application Note 2 under
U.S.S.G. § 2K2.4 (2001) precludes the imposition of the enhance-
ment. We disagree with Bowyer's argument and affirm the sentence
imposed by the district court.

In July 2001, a grand jury returned an indictment charging Bowyer
in three counts relating to two separate occurrences. In connection
with a controlled purchase from Bowyer of cocaine and cocaine base
on August 23, 2000, during which a revolver lay on a nearby table in
plain view, the indictment charged Bowyer in Count I for drug traf-
ficking, in violation of 21 U.S.C. § 841(a)(1), and in Count II for pos-
session of a firearm in furtherance of a drug-trafficking offense, in
violation of 18 U.S.C. § 924(c)(1)(A). In connection with Bowyer's
possession of a rifle about seven months later, on March 28, 2001, the
indictment charged Bowyer in Count III for possession of a firearm
while addicted to hydrocodone, a controlled substance. Pursuant to a
plea agreement, Bowyer pleaded guilty to Count II, charging posses-
sion of a firearm on August 23, 2000 in connection with the cocaine
sale, and to Count III, charging possession of a firearm in March 2001
while addicted to hydrocodone. The government dismissed Count I,
which charged Bowyer with drug trafficking.

During sentencing, the district court determined that the minimum
sentence on Count II was 60 months, to be served consecutive to any
sentence given on Count III. And on Count III, the court concluded

that the offense level should be enhanced four levels under U.S.S.G. § 2K2.1(b)(1)(B) (2001) because, at the time Bowyer committed the offense, he possessed 15 other firearms that he had purchased over the period of a year. After applying the enhancement and a reduction for acceptance of responsibility, the resulting sentencing range was 30-37 months. The court sentenced Bowyer to 30 months imprisonment on Count III.

Bowyer argues that the four-level enhancement was in error. According to Bowyer, Application Note 2 under U.S.S.G. § 2K2.4 (2001) precluded the imposition of the enhancement. This application note, which annotates the guideline governing imposition of sentence for a violation of § 924(c), states:

> If a sentence under this Guideline is imposed *in conjunction with a sentence for an underlying offense*, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

(Emphasis added). Bowyer points out that this language, added by Amendment No. 599 to the Sentencing Guidelines, was inserted to respond to court decisions that interpreted "underlying offense" too narrowly so as to encompass only the particular offense that was the predicate for the § 924(c) firearms charge. Bowyer asserts that "the underlying offense here is not limited to the drug offense. So if you have another crime, it could be an underlying offense related to the 924(c) that is subject to the language of Application Note 2." In particular, Bowyer argues:

> You don't apply any of the specific offense characteristics related to possession or use of firearms to an underlying offense; that is, the addict in possession count, the 922(g)(3) count here. You don't add those specific offense characteristics when the defendant is also being sentenced for a 924(c), basically because it is akin to double counting.

In essence, Bowyer maintains that the sentencing on Count II and the sentencing on Count III are related in that the offense charged in Count III is an underlying offense to the offense charged in Count II

so that imposition of a multiple weapons enhancement on the Count III sentence involves double counting. In particular, Bowyer argues that his "possession, and the uses he made of, many of the 15 firearms would clearly be considered as relevant conduct" for the drug trafficking offense underlying his § 924(c) violation. According to Bowyer, his conduct "involved an ongoing series of transactions in which he: dealt cocaine, cocaine base and perhaps other controlled substances; bought drugs, sold drugs; used drugs; was addicted to drugs; possessed multiple firearms; and traded numerous firearms for drugs and drugs for firearms."

We conclude, however, that this argument is grounded on a flawed predicate, and the appropriate understanding of Bowyer's offenses renders the application note inapplicable to the circumstances in this case. The conviction for which the sentence was enhanced was possession of a rifle in March 2001 while Bowyer was addicted to hydrocodone, a controlled substance. The underlying offense for this § 922(g) violation was possession and use of the hydrocodone, but Bowyer was not charged nor sentenced for that offense. The conduct charged in Count II had its own underlying offense, namely trafficking in cocaine and cocaine base. There is nothing in the record that makes the Count III offense an underlying offense for the Count II offense so that the enhancement of the Count III offense for 15 other firearms could result in double counting when sentencing for the two offenses.

The lead-in clause to Application Note 2 of U.S.S.G. § 2K2.4 (2001) provides:

> *If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense*, do not apply any specific offense characteristic for the possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

(Emphasis added). Because Count III was not the underlying offense for Count II, this Application Note is not relevant. Rather Counts II and III charged distinct conduct separated by seven months in time. Accordingly, there was no double counting for sentencing with respect to either offense.

In this case, the district court, when sentencing Bowyer on Count III, added to the offense level four levels attributable to the fact that at the time Bowyer possessed the rifle as a person addicted to hydrocodone, he also possessed 15 other firearms. Under U.S.S.G. § 2K2.1(b)(1)(B) (2001), if he possessed between 8 and 24 other firearms, his sentence is to be enhanced four levels. We find no error in the district court's application of the enhancement.

*AFFIRMED*